**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**2:09 CR 24-2**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **KARI HUSKY CONARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#83) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her prehearing release. At the call of this matter on for hearing it appeared Defendant was present with her counsel, Anthony Alan Coxie, and the Government was present through AUSA, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, admitted the allegation contained in the Violation Report.

On May 30, 2017 a Petition (#70) was filed alleging that Defendant had violated terms and conditions of her supervised release. On July 7, 2017 the

1

undersigned held a detention hearing and entered an Order allowing Defendant to be released on terms and conditions of prehearing release (#82) so Defendant could be released to attend an inpatient drug treatment program. In the conditions of release, it was ordered in condition (8)(y) that Defendant be released to participate in an inpatient treatment program at the Swain Recovery Center in Black Mountain, NC for a 42 day term of treatment.

On August 6, 2017, Defendant committed a rule infraction at the Swain Recovery Center and then left the Swain Recovery Center on August 6, 2017 and did not complete the treatment program.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1)     finds that there is----
        (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
        (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2)     finds that ---
        (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that
the person will not flee or pose a danger to the safety of any other person or
the community; or
        (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the undersigned finds Defendant violated the condition of release which required her to attend the 42 day inpatient drug treatment program at the Swain Recovery Center.

Due to the findings made above and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community.  It is the opinion of the undersigned, that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of prehearing release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: August 30, 2017

Dennis L. Howell
United States Magistrate Judge